# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

HELEN SPRY,

    Petitioner,

v.

D. K. JOHNSON, Warden,

    Respondent.

Case No. CV 16-423 GW (MRW)

ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

    Pursuant to 28 U.S.C. § 636, the Court reviewed the petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Petitioner did not file any written objections to the report. The Court accepts the findings and recommendation of the Magistrate Judge.

* * *

    The Court notes limited circumstances (not mentioned in the original Report) in which a conviction that rests on uncorroborated accomplice testimony may implicate due process concerns under the federal constitution. As a general

rule, the Constitution does not require corroboration of an accomplice's testimony. However, a federal constitutional issue may arise if a prisoner can show an arbitrary deprivation of a "state law entitlement" such as a procedural rule addressing specific evidence like accomplice corroboration. Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir. 2000); Hicks v. Oklahoma, 447 U.S. 343, 346 (1980). Also, a criminal conviction cannot rely solely on an accomplice's uncorroborated statement that is "incredible or insubstantial on its face." Laboa, 224 F.3d at 979 (quoting United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir. 1993) (analyzing sufficiency of evidence of conviction)).

      Petitioner did not advance any type of Laboa – Hicks claim on direct appeal or in this Court. Nor could she. The state appellate court reasonably – and non-arbitrarily – determined that the provisions of the accomplice corroboration rule simply did not apply to her co-defendants' jailhouse statements to each other. Those statements were not "given under suspect circumstances" and were "declarations against penal interest." (Docket # 21-17 at 18.) As a matter of state law, they were "considered sufficiently reliable to require no corroboration" or a derivative instruction to the jury to view the statements with caution. (Id. (citing People v. Brown, 31 Cal. 4th 518, 555 (2003)).) The state court's analysis was not an arbitrary application of state law that unfairly deprived Petitioner of any right. Laboa, 224 F.3d at 979.

      Further, Petitioner cannot demonstrate that any error was anything other than harmless here. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (evidentiary or instructional error cannot lead to habeas relief "unless it results in 'actual prejudice'" that had a "substantial and injurious effect or influence in determining the jury's verdict").

      As noted in the appellate decision, the accomplices' jailhouse statements established that Petitioner was the getaway driver and a knowledgeable participant in the gang's mission. Those statements were amply corroborated by other

evidence at trial. Petitioner was arrested behind the wheel of the car shortly after the killing. She had been in the company of other gang members in the period before the killing. Petitioner "could not have overlooked" the fact that her passengers possessed a long rifle before the shooting and threw it out a window shortly after. Moreover, Petitioner was identified as a possible contributor of DNA recovered from the murder weapon. (Docket # 21-17 at 5, 17.)

Because this evidence corroborated the co-defendants' statements about Petitioner, any error in failing to advise the jury about the corroboration requirement was surely harmless. Brecht, 507 U.S. 637. That conclusion necessarily means that the accomplice statements were not "incredible or insubstantial." Laboa, 224 F.3d at 979. The Court finds no basis for habeas relief on the corroboration instruction claim.

* * *

IT IS ORDERED that Judgment be entered denying the petition and dismissing this action with prejudice.

DATE: February 14, 2017    _____
                            HON. GEORGE H. WU
                            UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE